IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHERYL F. COHENS,　　　　　　　＊

　　Plaintiff,　　　　　　　　　＊

　　v.　　　　　　　　　　　　　＊　　CIVIL NO.: WDQ-11-3419

STATE OF MARYLAND DEPARTMENT
OF HUMAN RESOURCES, *et al.*,　＊

　　Defendants.　　　　　　　　＊

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

MEMORANDUM OPINION

Cheryl F. Cohens sued the Maryland Department of Human Resources (the "DHR")[1] for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[2] the Equal Pay Act of 1963 (the "EPA"),[3] the Maryland Equal Pay Act (the "MEPA"),[4] and Title 20 of the State Government Article of the Maryland Code ("Title 20"). For the following reasons, the DHR's motion to dismiss and for summary judgment will be granted in part and denied in part.

---

[1] Cohens also sued the Baltimore City Department of Social Services, which is part of the DHR. *See* Mem. in Supp. of Mot. to Dismiss 1 n.1; Md. Code Ann., Hum. Servs. §§ 2-301, 3-201.

[2] 42 U.S.C. §§ 2000e, *et seq.*

[3] 29 U.S.C. § 206(d).

[4] Md. Code Ann., Lab. & Empl. §§ 3-301, *et seq.*

I. Background[5]

Cohens is an African American woman. Compl. ¶ 6. In November 1993, she was hired as an Administrative Officer II at the DHR. Compl. ¶ 6; Mem. in Supp. of Mot. to Dismiss 2. In November 1994, she was promoted to Administrative Officer III. Id.

In 2005, Frank Valenti, a white man, hired Cohens to work in the training unit for the DHR.[6] For the next four years, Cohens was denied pay increases. Id. She remained an Administrative Officer III. Id.

During Cohens's employment, most of the other trainers were white men. Compl. ¶ 8. Cohens "was only allowed to do local trainings," and was given "old dirty cars to drive to her trainings," while her male co-workers were allowed to attend statewide training events" and were given "clean, newer cars" and cell phones. Compl. ¶ 9. Cohens also "was held to a

---

[5] For the DHR's motion to dismiss for lack of subject matter jurisdiction, "the facts alleged in the complaint are taken as true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). For the motion for summary judgment, Cohens's evidence "is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[6] Although the complaint alleged that Valenti hired Cohens in 2002, *see* Compl. ¶ 6, Cohens has since "confirmed that it was in fact 2005," Mem. in Opp'n to Mot. to Dismiss 2 n.3. The complaint also asserted that Valenti offered Cohens a "three-step upgrade" in pay. Compl. ¶ 6.

stricter work schedule" than her male co-workers, who would "hang[] around talking about non-work events" while she was working. Compl. ¶ 25 (internal quotation marks omitted). Valenti referred to female employees as "sweetie," and "often" remarked on Cohens's "appearance and lipstick." Compl. ¶ 26. Cohens asked many times for the same privileges her male co-workers received, "but her requests were never addressed." Compl. ¶ 9.

From September 1, 2008, through March 2009, Cohens was out on medical leave.[7] In March 2009, the training unit employees received an email showing individuals' pay. Compl. ¶ 8. Cohens learned that she was being paid about $25,000 to $30,000 less per year than the trainers who were white and/or male. *Id.* She "expressed her disappointment and concerns of discrimination and pay disparity with Valenti," but her pay remained the same "and nothing changed around the office." Compl. ¶ 9.

Thereafter, Cohens "felt that Valenti began trying to stifle her growth and retaliate against her." Compl. ¶ 10.

---

[7] Mem. in Supp. of Mot. to Dismiss, Ex. C [hereinafter Discrimination Charge]. In reviewing a motion to dismiss, the Court may consider not only allegations in the complaint but also documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Cohens has not challenged the authenticity of the attachments to the DHR's motion, and a plaintiff's administrative discrimination charge is integral to a subsequent discrimination complaint. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006).

Valenti refused to allow Cohens to be the keynote speaker for an event, despite the organizers' request that Cohens speak. *Id.* Valenti recommended a male speaker instead. *Id.*

Sometime before July 2009, Cohens "broke down in tears in Valenti's office" and told him that "the environment at work was difficult for her."[8] Cohens's co-workers knew that she was terrified of mice, and "[s]omeone [had] put mousetraps in her office." Compl. ¶ 11. Cohens's training schedule had been reduced. *Id.* Cohens told Valenti that she "needed to take a leave of absence because of her mental state regarding work depression." *Id.* Valenti told her "she had to be a good girl" to get her leave approved, and "someone in [m]anagement was trying to terminate her." *Id.*

On July 11, 2009, Cohens submitted her resignation, effective September 29, 2009. Mem. in Supp. of Mot. to Dismiss, Ex. B; Compl. ¶ 12. On March 2, 2010, Cohens filed a charge with the Maryland Commission on Human Relations and the Equal Employment Opportunity Commission (the "EEOC"), alleging race and sex discrimination and unequal pay. Discrimination Charge. On August 12, 2011, Cohens received a right-to-sue letter. Compl. ¶ 2.

---

[8] Compl. ¶ 11. The complaint alleged that the meeting took place in September 2009, but Cohens has since stated that the meeting "clearly occurred" before July 2009. *See* Mem. in Opp'n to Mot. to Dismiss 4 n.6.

4

On September 30, 2011, Cohens sued in the Circuit Court for Baltimore City, alleging race and gender discrimination, and retaliation, in violation of the EPA, the MEPA, Title VII, and Title 20.  ECF No. 2.

On November 28, 2011, the DHR removed the lawsuit to this Court on the basis of federal question jurisdiction.[9]  *Id.*  On December 5, 2011, the DHR moved to dismiss Cohens's retaliation claim, and for summary judgment on her remaining claims.  ECF No. 6; Mem. in Supp. of Mot. to Dismiss.  On December 20, 2011, Cohens opposed the motion.[10]

## II. Analysis

The DHR moves to dismiss Cohens's retaliation claim for lack of subject matter jurisdiction, and for summary judgment on the remaining claims.  Mem. in Supp. of Mot. to Dismiss 8-16.

### A. Standards of Review

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Cohens bears the burden of proving subject matter jurisdiction. *See Piney Run Pres. Ass'n v. Cnty. Comm'rs of*

---

[9] *See* ECF No. 1 at 1.  The complaint and summons were not served on the DHR until November 1, 2011.  *Id.*

[10] ECF No. 10.  The caption erroneously describes the filing as an opposition to the DHR's motion and a "Reply in Support of Plaintiff's Partial Motion for Summary Judgment."  *See id.*  Cohens has not moved for partial summary judgment.

The DHR has not filed a reply to Cohens's opposition, and the time to reply has passed.  *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

*Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When, as here, a Rule 12(b)(1) motion challenges the sufficiency of the plaintiff's allegations--not their truth--the allegations are assumed to be true, and "the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive" on a motion to dismiss "under . . . Rule 12(b)(6)." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

2. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant," and draw all reasonable

inferences in her favor, *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

Generally, "a district court must refuse summary judgment wh[en] the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition." *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008) (internal quotation marks and citation omitted). In such a case, the nonmoving party must comply with Fed. R. Civ. P. 56(d) and "set out the reasons for discovery in an affidavit." *Id.* "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56[d] in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F. 3d 214, 244 (4th Cir. 2002) (quotation marks omitted).

"[S]ufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party." *Harrods Ltd.*, 302 F.3d at 246-47 (quotation marks omitted).

### B. The DHR's Motion

The DHR argues that the Court must dismiss Cohens's retaliation claim for lack of subject matter jurisdiction, because Cohens has failed to exhaust her administrative remedies. Mem. in Supp. of Mot. to Dismiss 13-14. The DHR contends that it is entitled to summary judgment on the remaining claims because Cohens has failed to present a prima facie case of discrimination. *Id.* at 8-12, 14-16.

#### 1. Motion to Dismiss the Retaliation Claim

Cohens asserts that the DHR retaliated against her, in violation of Title VII, after she complained to Valenti about discrimination and pay disparity. Compl. ¶¶ 9-10, 29.

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* (internal quotation marks omitted). "[A] failure by the plaintiff to exhaust administrative remedies . . . deprives the

federal courts of subject matter jurisdiction over the claim." *Id.*

The DHR argues that the Court must dismiss Cohens's retaliation claim because her EEOC charge alleged only race and sex discrimination. Mem. in Supp. of Mot. to Dismiss 13. Cohens counters that, "[e]ven though the [EEOC] charge does not have the retaliation box checked, the claim of retaliation is in fact reasonably related to the facts stated within the charge and therefore is properly before this Court." Mem. in Opp'n to Mot. to Dismiss 10.

The Court must dismiss the retaliation claim, because Cohens did not check the "retaliation" box on her EEOC charge, nor did she allege retaliation in the factual summary.[11] She alleged that she had been "subjected to disparate treatment and unequal terms and conditions of employment," she had complained and "[n]othing [had been] done," and she had resigned. Mot. to Dismiss, Ex. C at 1. That Cohens characterized her resignation as constructive discharge does not mean that she charged retaliation for having complained about discrimination; she merely asserted that she had been forced to quit because of

---

[11] *See* Discrimination Charge; *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (affirming district court's dismissal of retaliation claim when plaintiff had alleged only age and national origin discrimination in his EEOC charge).

"objectively intolerable working conditions."[12] An investigation of retaliation would not reasonably have been expected to follow from these allegations.[13]

Because Cohens did not allege retaliation in her EEOC charge, she has failed to administratively exhaust that claim. *See Smith*, 202 F.3d at 247. Thus, the Court lacks subject

---

[12] *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 434 (4th Cir. 2004). Indeed, the EEOC characterized Cohens's constructive discharge claim as alleging that she had resigned "due to discriminatory treatment," not retaliation. *See* Opp'n to Mot. to Dismiss, Ex. 3 at 1.

[13] *See, e.g., Miles v. Dell, Inc.*, 429 F.3d 480, 491-92 (4th Cir. 2005) (investigation of retaliation would not reasonably have been expected to follow from plaintiff's charges of sex and pregnancy discrimination).

*Jones* does not support Cohens's argument that her claim of retaliation reasonably relates to her EEOC charge. *See* Opp'n to Mot. to Dismiss 10. In *Jones*, the plaintiff had filed an EEOC charge alleging discrimination, and a second EEOC charge alleging retaliation for filing the first charge. *Jones*, 551 F.3d at 299. After filing the second charge, the plaintiff had been fired. *Id.* The Fourth Circuit held that her subsequent lawsuit for retaliatory discharge related back to the second EEOC charge, because the "retaliatory termination was merely the predictable culmination of [the defendant's] alleged retaliatory conduct," and "a plaintiff [who] has already been retaliated against one time for filing an EEOC charge will naturally be reluctant to file a separate charge." *Id.* at 302, 304.

Cohens alleges that she was retaliated against for complaining to Valenti, not for filing her EEOC charge. *See* Compl. ¶¶ 9-10, 29. "If a plaintiff experiences retaliation . . . before filing an EEOC complaint, there is little reason not to require [her] to exhaust [her] claims by including them in [her] EEOC charge." *Rogers v. Conmed, Inc.*, Case No. CCB-09-3397, 2010 WL 3056666, at *5 (D. Md. Aug. 3, 2010). Thus, "the normal rules of exhaustion . . . apply to claims of [retaliation] that predate the filing of an EEOC charge." *Id.*

matter jurisdiction, see Jones, 551 F.3d at 300, and must dismiss her claim of retaliation in Count III ("Violation of [Title VII]").[14]

2. Motion for Summary Judgment on the Remaining Claims

The DHR argues that Cohens has failed to state a prima facie case of unequal pay under the EPA and the MEPA,[15] or a

---

[14] Count IV, alleging violations of Title 20, incorporates the allegations stated elsewhere in the complaint. See Compl. ¶¶ 30-31. To the extent that Cohens intended to include a retaliation claim in Count IV, that claim must also be dismissed. See Cuffee v. Verizon Commc'ns, Inc., 755 F. Supp. 2d 672, 678 (D. Md. 2010) ("[L]ike Title VII, [Title 20] . . . require[s] that would-be plaintiffs first file a charge of discrimination with an enforcement agency."); Haas v. Lockheed Martin Corp., 914 A.2d 735, 742 n.8 (Md. 2007) (Title 20 is the state law analog to Title VII). The Court will not dismiss Cohens's remaining claims in Counts III and IV.

[15] To establish a prima facie case under the EPA or the MEPA, a plaintiff must prove that (1) "her employer has paid different wages to employees of opposite sexes," (2) "said employees hold jobs that require equal skill, effort, and responsibility," and (3) "such jobs are performed under similar working conditions." Gustin v. W. Va. Univ., 63 F. App'x 695, 698 (4th Cir. 2003) (standard for a prima facie case under the EPA); Glunt v. GES Exposition Servs., Inc., 123 F. Supp. 2d 847, 861-62 (D. Md. 2000) ("courts have applied the same analysis in reviewing MEPA and EPA claims," because "[t]he MEPA essentially mirrors . . . the EPA").

prima facie case of discrimination[16] or constructive discharge[17] under Title VII and Title 20.[18]

Cohens argues that the DHR's motion for summary judgment is premature, and "[d]iscovery would provide . . . evidence of [her] assertions."[19] Her counsel asserts in a Rule 56(d)

---

[16] "The elements of a prima facie case vary depending on the form of discrimination alleged." *Jenkins v. Balt. City Fire Dep't*, ----F. Supp. 2d---, Case No. SKG-10-125, 2012 WL 1109730, at *12 (D. Md. Mar. 30, 2012). To establish a prima facie case of disparate treatment, a plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). To establish hostile work environment, the plaintiff must show that the offending conduct was (1) unwelcome, (2) based on race or sex, (3) subjectively and objectively severe or pervasive enough to alter her conditions of employment and create an abusive atmosphere, and (4) imputable to the employer. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001).

[17] To establish constructive discharge, a plaintiff must show that her employer intentionally discriminated on the basis of race and/or gender, and created an objectively intolerable working environment that induced her to quit. *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186-87 (4th Cir. 2004).

[18] Mem. in Supp. of Mot. to Dismiss 8-12, 14-16. The DHR contends that Cohens would not have been able to rebut the DHR's lawful explanation for paying her less than other employees. *Id.* at 8-10.

[19] Mem. in Opp'n to Mot. to Dismiss 1, 6. Cohens also argues that she has established a prima facie case of discrimination and constructive discharge, but improperly cites the standard for pleading those claims. *See id.* at 6, 11-12. "[T]he prima facie case operates as a flexible evidentiary standard" relevant to summary judgment, not the sufficiency of allegations in the complaint. *See Ray v. Amelia Cnty. Sheriff's Office*, 302 F.

affidavit that the DHR's "failure to respond to any of the EEOC's investigatory requests" has deprived Cohens of the "opportunity [to] review information" that could establish genuine issues of fact and prove her claims. ECF No. 10-3 at 4. Cohens's counsel further asserts that the DHR possesses relevant evidence about other employees: pay, job duties and responsibilities, and prior experience and education. *Id.* at 2-3.

The Court will deny the DHR's motion for summary judgment. Cohens has not been able to discover information essential to her opposition, *see Nadir*, 549 F.3d at 961, and discovery is "especially important when" -- as here -- "the relevant facts are exclusively in the control of the [other] party," *see Harrods Ltd.*, 302 F.3d at 246-47. The DHR has documents that are relevant to Cohens's claims of unequal pay.[20] Moreover, the DHR has not challenged the Rule 56(d) affidavit, and the record is completely undeveloped as to Cohens's claims of hostile work environment and constructive discharge.[21]

---

App'x 209, 212 (4th Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

[20] The only evidence the DHR submitted to justify paying Cohens less than her co-workers was the declaration of Jennifer McMahan, the director of the Human Resources Development and Training Unit. See ECF No. 6-2.

[21] *See, e.g., Andrew v. Clark*, 561 F.3d 261, 271 (4th Cir. 2009) (affirming the denial of an unopposed motion for partial summary

III. Conclusion

For the reasons stated above, the DHR's motion to dismiss and for summary judgment will be granted in part and denied in part.

_5/10/12_
Date

William D. Quarles, Jr.
United States District Judge

---

judgment because of "the discretion accorded district courts," "the apparent disputed facts," and "the lack of a developed record").