IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHERYL F. COHENS,   *

    Plaintiff,   *

    v.   *   CIVIL NO.: WDQ-11-3419

STATE OF MARYLAND DEPARTMENT
OF HUMAN RESOURCES, et al.,   *

    Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Cheryl F. Cohens[1] sued the Maryland Department of Human Resources (the "DHR")[2] for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[3] the Equal Pay Act of 1963 (the "EPA"),[4] the Maryland Equal Pay Act (the "MEPA"),[5] and Title 20 of the State Government Article of the Maryland Code ("Title 20")[6]. On March 19, 2013, this Court granted DHR's motion for summary judgment on Cohens's

---

[1] Cohens was initially represented by counsel, but has proceeded *pro se* since August 9, 2012. ECF Nos. 20, 21.

[2] Cohens also sued the Baltimore City Department of Social Services, which is part of the DHR. See ECF No. 6-1 at 1 n.1; see also Md. Code Ann., Hum. Servs. §§ 2-301, 3-201.

[3] 42 U.S.C. §§ 2000e, *et seq.*

[4] 29 U.S.C. § 206(d).

[5] Md. Code Ann., Lab. & Empl. §§ 3-301, *et seq.*

[6] Md. Code Ann., State Gov't §§ 20-601, *et seq.*

EPA and MEPA claims. On July 30, 2013, the Court granted summary judgment for DHR on Cohens's remaining claims. Pending are Cohens's motions for reconsideration of both orders and her motion for extension of time to appeal. No hearing is necessary. See Local Rule 105.6 (D. Md. 2011). For the following reasons, Cohens's motions for reconsideration and motion for extension of time to appeal will be denied.

I. Background

   A. Factual History[7]

   Cohens, an African-American woman, was hired as an Administrative Officer II at the DHR on November 4, 1993. ECF No. 2 ¶ 6. On November 30, 1994, she was promoted to Administrative Officer III, Grade 15, Step 11. Id.; see ECF No. 6-2 at 24 ¶ 10.[8] On July 27, 2005, Frank Valenti, a white man, hired Cohens to work in the DHR's training unit ("HRDT"). ECF No. 6-2 at 24 ¶ 9.[9]

---

[7] The Court has summarized the facts in this case for purposes of resolving this motion. For a full recounting of the events that led to this lawsuit, see Cohens v. Md. Dept. of Human Res., No. WDQ-11-3419, 2013 WL 3944451 (D. Md. July 30, 2013); and Cohens v. Md. Dept. of Human Res., No. WDQ-11-3419, 2012 WL 1712151 (D. Md. May 11, 2012).

[8] ECF No. 6-2 is the declaration of Jennifer McMahan, Director of HRDT.

[9] Cohens retained the same classification, salary grade, and step when she was assigned to HRDT. ECF No. 6-2 at 24 ¶ 10. According to McMahan, "[i]t is an established practice that[,] when [an employee is] reassigned and transferred to another

Three male trainers and another female trainer worked in HRDT. *See* ECF No. 6-2 at 22-24 ¶¶ 5-8; ECF No. 28 at 2. The other members of HRDT were Doctor Marian Davis-Foster, an African-American woman; Osceola Edmondson, an African-American man; Ron Forbes, a white man; and Barry Simon, a white man. ECF No. 6-2 at 22-24 ¶¶ 5-8. Edmondson has a bachelor of science in business and a master's in public administration; Forbes has a bachelor of science and a master's in education; and Simon has a bachelor of science in business administration. *Id.* ¶¶ 6-8. Cohens does not have a college degree. *See* Cohens Dep. at 61 (31:14-17, 32:6-9).

For the next four years, Cohens was denied pay increases and remained an Administrative Officer III. ECF No. 2 ¶ 7. After learning that she was earning less than her white, male colleagues, Cohens complained to Valenti. ECF No. 2 ¶¶ 8-9. Thereafter, Cohens believed that Valenti and her coworkers purposefully made the work environment difficult for her. ECF No. 2 ¶¶ 10-11; *see* ECF No. 10-1 at 4.

---

agency, [she] retains the same [position identification number, or "PIN"], same pay grade[,] and [same] step even if the new position's appropriate classification was at a lower level." *Id.* at 24-25 ¶ 13. Cohens's duties and responsibilities did not change during her tenure at HRDT, and were "consistent with the position specifications for an Administrative Officer III." *Id.* at 24 ¶ 10.

On July 11, 2009, Cohens submitted a letter of resignation, effective September 29, 2009 and "was not paid beyond that date." *See* ECF No. 2 ¶ 12; ECF No. 27 at 21; ECF No. 28 at 4. On December 15, 2009, Cohens submitted an intake questionnaire to the U.S. Equal Employment Opportunity Commission (the "EEOC"), alleging race and sex discrimination and retaliation. ECF No. 15-2 at 3. On March 2, 2010, Cohens filed a charge with the Maryland Commission on Human Relations (the "MCHR") and the EEOC, alleging race and sex discrimination and unequal pay. ECF No. 27 at 26 [hereinafter, "Discrimination Charge"]. On August 12, 2011, Cohens received a right-to-sue letter. ECF No. 2 ¶ 2.

B. Procedural History

On September 30, 2011, Cohens sued in the Circuit Court for Baltimore City, Maryland, alleging race and gender discrimination and retaliation, in violation of the EPA (Count One), the MEPA (Count Two), Title VII (Count Three), and Title 20 (Count Four). ECF No. 2. On November 28, 2011, the DHR removed the lawsuit to this Court. ECF No. 1.[10] On December 5, 2011, the DHR moved to dismiss Cohens's retaliation claim, and for summary judgment on her remaining claims. ECF No. 6; ECF No. 6-1. On December 20, 2011, Cohens opposed the motion. ECF No. 10. On May 11, 2012, this Court granted in part and denied

---

[10] The complaint and summons were not served on the DHR until November 1, 2011. ECF No. 1 at 1.

4

in part DHR's motion to dismiss and for summary judgment. ECF No. 12.[11]

On May 24, 2012, Cohens moved for reconsideration of the dismissal of her retaliation claims. ECF No. 15. On June 14, 2012, the DHR opposed the motion for reconsideration. ECF No. 18. On August 8, 2012, Cohens's counsel moved to withdraw. ECF No. 19. On August 9, 2012, this Court granted counsel's motion. ECF No. 20. That day, Cohens indicated she would proceed *pro se*. ECF No. 21.

On August 16, 2012, Cohens moved for summary judgment on her equal pay claims. ECF No. 23; see ECF No. 23-1 at 3; see also *infra* note 26. On September 6, 2012, the DHR opposed Cohens's motion and cross moved for summary judgment. ECF No. 27. On March 19, 2013, the Court denied Cohens's motion for reconsideration and granted DHR's cross motion for summary judgment on the equal pay claims. ECF. No. 55.

On November 1, 2012, DHR filed a motion for summary judgment on the remaining claims. ECF No. 45. On April 17, 2013, Cohens moved for reconsideration of the Court's March 19,

---

[11] The Court dismissed Cohens's Title VII retaliation claim --as well as any implied retaliation claim under Title 20--for lack of subject matter jurisdiction, because Cohens had not administratively exhausted that claim. ECF No. 11 at 10-11 & n.14; ECF No. 12. The Court denied summary judgment on the remaining claims, in light of Cohens's counsel's unopposed Rule 56(d) affidavit seeking further discovery. ECF No. 11 at 13; ECF No. 12.

2013 order. *See* ECF No. 57. On July 30, 2013, the Court denied Cohens's motion for reconsideration and granted summary judgment for DHR on the remaining claims. ECF No. 61.

Cohens says that she did not receive notice of the Court's July 30, 2013 order until she called the court clerk on October 8, 2013 to inquire about the status of her case, the clerk then mailed Cohens notice on October 11, 2013. *See* ECF No. 71 at 1. On October 24, 2013, Cohens moved for reconsideration of the March 19, 2013 order and the July 30, 2013 order. ECF No. 65. On November 6, 2013, DHR responded. ECF No. 66. On December 11, 2013, Cohens filed a notice of appeal. ECF No. 67.

On January 16, 2014, Cohens again moved for reconsideration of the March 19, 2013 and July 30, 2013 orders. ECF No. 70. Cohens argued that new evidence established that she "received her last discriminatory paycheck October 14, 2009." *See* ECF No. 70 at 1-2. On January 16, 2014, Cohens also filed a motion for extension of time to appeal. ECF No. 71. On February 3, 2014, DHR responded to Cohens's motion for reconsideration[12] and motion for extension of time to appeal.[13] On May 13, 2014, the Fourth Circuit dismissed Cohens's appeal. ECF No. 75.

---

[12] ECF No. 72.

[13] ECF No. 73.

II. Analysis

  A. Legal Standards

    1. Relief from Judgment

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d. 1, 2-3 (4th Cir. 1992). Because Cohens filed her motion for reconsideration on October 24, 2013, Rule 60(b) governs.

Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n. 3 (4th Cir. 2011).

Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Id.* at 500. A motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT

08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (internal citations and quotations omitted).[14]

2. Extending Time to File an Appeal

Under Fed. R. App. P. 4(a)(1), a notice of appeal must be filed within 30 days of the entry of the judgment. Under limited circumstances, a district court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." Fed. R. App. P. 4(a)(6).

To reopen the case, the court must find that 1) the moving party did not receive notice of the entry of judgment within 21 days of entry; 2) the motion to extend time was filed within 180 days after the entry of judgment or within 14 days of when the moving party received proper notice, whichever is earlier; and, 3) no party will be prejudiced by extending the time to appeal.

---

[14] *See also, e.g., McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."); *Lauren v. Nellis*, No. 2:10-CV-01544-KJD-PAL, 2013 WL 621935, at *2 (D. Nev. Feb. 19, 2013) ("Mere disagreement with the Court's ruling is not grounds for reconsideration under Rule 60(b)."); *Mintz v. Dietz & Watson Inc.*, No. 05-CV-1470-L(CAB), 2010 WL 4687795, at *3 (S.D. Cal. Nov. 9, 2010) (same); *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010) ("Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)," because "the appropriate place to challenge alleged errors of law is by filing an appeal"); *Revolutions Med. Corp. v. Viverito*, No. 2:07-3711-MBS, 2008 WL 4542877, at *2 (D.S.C. Oct. 6, 2008) ("[m]ere disagreement with the court's decision is not an adequate basis to obtain relief" under Rule 60(b)).

*Id.* Failure of the moving party to file a timely notice of appeal under Fed. R. App. P. 4(a)(6) is jurisdictional. *See Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 91 (3rd Cir. 1995) ("The time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are mandatory and jurisdictional, and the courts are required to dismiss untimely appeals *sua sponte*.").

    B. Cohens's Motions for Reconsideration of the Court's March 19, 2013 Order.

In her October 24, 2013 motion, Cohens argues that the Court erred in its March 19, 2013 order because Cohen established a *prima facie* case for her EPA claim, and this claim is subject to a three-year statute of limitations because DHR's actions were "willful." *See* ECF No. 65 at 4-5. Cohens previously raised both these arguments. *See, e.g.*, ECF No. 28 at 3-4; ECF No. 57 at 2-4. The Court rejected these contentions. ECF No. 61. Cohens's October motion raises no new arguments and fails to meet the requirements of Rule 60(b). *See Sanders*, 2011 WL 4443441, at *1 ("[A motion to reconsider] is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.").

In her January 16, 2014 motion, Cohens again moved for reconsideration of the March 19, 2013 order. ECF No. 70 at 1. On that occasion, however, Cohens asserted that reconsideration

is necessary because of newly acquired evidence. *Id*. DHR contends that this new evidence does not meet the requirements of Rule 60(b) because Cohens has failed to show why the evidence was previously unavailable. *See* ECF No. 72 at 2.

Before considering new evidence, the Court "must satisfy itself as to the unavailability of the evidence." *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Additionally, the movant "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal quotation marks omitted).

In previously determining that Cohens's EPA claim was barred by the two-year statute of limitations, the Court relied on Cohens's assertions that she last worked for DHR on September 29, 2009, and she "was not paid beyond that date." *See* ECF No. 28 at 4; *Cohens*, 2013 WL 3944451, at *6. In her January 16, 2014 motion, Cohens contends that "[i]t is an undisputed material fact that, although Ms. Cohens resigned from DHR on September 29, 2009, Ms. Cohens received her last discriminatory paycheck October 14, 2009," placing Cohens's September 30, 2011 complaint within the statute of limitations. *See* ECF 70 at 1-2.

Although evidence that Cohens was paid on October 14, 2009 may have altered the Court's statute of limitations calculations, Cohens has provided no reason why she did not

present this information to the Court before. Because Cohens has not given a "legitimate justification for not presenting the evidence during the earlier proceeding," the Court cannot grant her motion to reconsider the March 19, 2013 order. *Small*, 98 F.3d at 798.

    C. Cohens's Motion for Reconsideration of the Court's July 30, 2013 Order.[15]

In arguing that the Court should reconsider its July 30, 2013 order, Cohens restates the facts and arguments that she previouly presented to the Court and asserts that she has established a *prima facie* case. *See* ECF No. 65 at 11-13. Cohens has not presented evidence that satisfies the Rule 60(b) requirements; she has merely restated her previous arguments on which the Court has ruled. *See Aikens v. Ingram*, 652 F.3d at 500. Thus, the Court will deny Cohens's motion for reconsideration of the Court's July 30, 2013 order.

    D. Cohens's Motion For Extension of Time to Appeal

Cohens contends that the Court should reopen the time for her to file an appeal because she did not receive notice of the July 30, 2013 order until October 11, 2013. *See* ECF No. 71 at

---

[15] Although Cohens's motions for reconsideration purport to address the July 30, 2013 order, Cohens's motion of January 14, 2014 does not address the July order and only discusses her EPA claim which was the subject of the March 19, 2013 order. Accordingly, the Court will only address Cohens's October 24, 2013 motion for reconsideration.

1.   DHR argues that Cohens has failed to provide any evidence of untimely service.  ECF No. 73 at 2.

Assuming, *arguendo*, that Cohens did not receive notice of the Court's order until October 11, 2013 because of an error of the clerk's office, the Court must still deny her motion.  After receiving notice of the July 30, 2013 order, Cohens filed a notice of appeal on December 11, 2013;[16] she filed her motion for extension of time to appeal on January 16, 2014.[17]  Thus, Cohens failed to comply with Fed. R. App. P. 4(a)(6)'s 14-day filing period.[18]  Although the Court is aware that Cohens is *pro se*, this does not excuse her from the timely filing requirements.  *See, e.g.*, *United States v. Almonte*, No. CR 98-64 ML, 2007 WL 1656249, at *1 (D.R.I. June 6, 2007) ("While the court acknowledges [the plaintiff's] *pro se* status, *pro se* litigants are not excused from compliance with procedural rules.").

---

[16] ECF No. 67.

[17] ECF No. 71.

[18] *See Cote v. Chase*, 914 F. Supp. 739, 740-42 (D.N.H. 1996) (accepting that a *pro se* plaintiff did not receive proper service, but holding that the court could not extend the time for appeal because the plaintiff did not file the motion to extend time within the time prescribed by Rule 4(a)(6)).

12

Because the time limits prescribed by Rule 4(a)(6) are mandatory and jurisdictional,[19] the Court will deny Cohens's motion for extension of time to appeal.

III. Conclusion

For the reasons stated above, Cohens's motions for reconsideration and for extension of time to appeal will be denied.

_8/26/14_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[19] *See Martinez v. Hoke*, 38 F.3d 655, 656 (2nd Cir.1994) ("[E]ven where a party did not receive notice of entry of the judgment within 21 days of entry, the district court *lacks jurisdiction* under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry [of the judgment]."); *Marcangelo*, 47 F.3d at 91.